IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN VANOUS #02084056 | § | |
| v. | § | CIVIL ACTION NO. 5:23cv42 |
| SGT. DARIUS KING, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Vanous, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The named Defendants are Sgt. Darius King, Sgt. Holmes, and Lt. Hawkins, TDCJ officials located at the Telford Unit.

I. The Plaintiff's Complaint

Plaintiff's amended complaint is the operative pleading in the lawsuit. Dkt. No. 6. In his amended complaint, Plaintiff states that he is a documented transgender inmate diagnosed with gender dysphoria. On October 20, 2022, he states that he was subjected to excessive use of force by staff, during which he was strapped to a gurney on his stomach. According to Plaintiff, the Defendants cut off his clothing and took him to building twelve completely naked. He complains that they verbally abused him with expletives of a sexual nature and derogatory terms to describe his sexual orientation. As a result, Plaintiff says that he was viewed naked by other staff members and surveillance cameras.

## II. Discussion

Court records show that the Plaintiff John Vanous has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Vanous v. Warden Akwitti, et al.*, civil action no. 6:18cv243 (W.D.Tex., Jan. 18, 2019) (dismissed for failure to state a claim and as malicious); *Vanous v. Captain John Ritter, et al.*, civil action no. 6:18cv296 (W.D. Tex., Oct. 29, 2018) (dismissed for failure to state a claim); *Vanous v. C.O. Robert C. Martinez*, civil action no. 6:19cv14 (W.D. Tex., Aug. 16, 2019 (dismissed for failure to state a claim); *Vanous v. Cordle, et al.*, civil action no. 1:22cv10, 2022 WL 875595 (E.D. Tex., March 23, 2022) (dismissing case as barred by the three-strikes provision of 28 U.S.C.§ 1915(g)).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In *Abdul-Akbar v. McKelvie*, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim

that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

This Court and others have held that the prisoner must allege specific facts showing he is under imminent danger of serious physical injury at the time of the filing of the lawsuit; general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300, 2011 WL 1113496 (E.D. Tex., March 11, 2011, r*eport adopted at* 2011 U.S. Dist. LEXIS 31288, 2011 WL 1100126 (E.D. Tex., March 24, 2011).

Plaintiff does not allege, much less show, that he was in imminent danger of serious physical injury at the time he signed his original complaint on March 23, 2023, some five months after the incident complained of took place. While he does not specifically allege that he suffered any harm as a result of the incident, any such harm would have been past at the time the lawsuit was filed, which does not come within the parameters of §1915(g). *Abdul-Akbar*, 239 F.3d at 315; *see also Newman v. Harris*, 770 F.App'x 216, 217 (5th Cir. 2019) (allegation that prisoner was physically harmed in the past is insufficient to overcome §1915(g), (citing *Baños*, 144 F.3d at 884-85)).

Because Plaintiff did not pay the full filing fee and failed to show imminent danger of physical injury as of the date he filed the lawsuit, he is barred from proceeding *in forma pauperis*; however, he should be allowed a reasonable period of time in which to pay the filing fee and proceed with his lawsuit should he choose to do so. Plaintiff should note that payment of the filing fee would not affect a screening analysis for frivolousness or failure to state a claim under 28 U.S.C. §1915A.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) be denied and the above-styled civil rights lawsuit be dismissed with prejudice

as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $405.00 filing fee. It is further recommended that should the Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE